United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 4, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10464
Summary Calendar
_____

GERALD N. LEE,

                                        Plaintiff-Appellant,

versus

TEXAS DEPARTMENT OF CRIMINAL JUSTICE;
S. DAYLASATOS, Assistant Warden;
SERGEANT SHAGEL, Unit Grievance Coordinator;
DR. VAHORA, Medical Doctor; CAPTAIN FRYE,
Temporary Unit Grievance Coordinator; OFFICER
LOPEZ, Corrections Officer; LIEUTENANT ORTEZ;
CAPTAIN HARLIN; WAYNE SCOTT, Director,

                                        Defendants-Appellees.

- - - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:99-CV-68-BG
- - - - - - - - - - -

Before JOLLY, DAVIS, and JONES, Circuit Judges.

PER CURIAM:[*]

     Gerald N. Lee, Texas prisoner no. 784007, appeals the

district court's dismissal of his 42 U.S.C. § 1983 claims for

failure to protect.  The district court held that Lee had not

exhausted his administrative remedies.  Lee concedes that he did

not file a step two grievance but argues that he should be

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

excused from this requirement because the denial of his step one grievance indicated that the grievance procedure should not be used to address his safety concerns.  Lee also asserts that he should not be bound by case law regarding exhaustion that was issued after he filed his step one grievance.

At the time that Lee filed his step one grievance, 42 U.S.C. § 1997e(a) provided that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  Thus, exhaustion was mandatory, "irrespective of the forms of relief sought and offered through administrative avenues."  Booth v. Churner, 532 U.S. 731, 739, 741 n.6 (2001).  Lee raised two issues in his step one grievance.  The response to this grievance did not address his safety concerns.  Therefore, Lee should have filed a step two grievance to exhaust his administrative remedies.  See Porter v. Nussle, 534 U.S. 516 (2002); Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001).  Accordingly, the judgment of the district court is AFFIRMED.